# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2766 | **DATE** | 7/1/2011 |
| **CASE TITLE** | Joshua Lee Matthews (R15976) vs. Chief Howard Keltner, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 7), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $3.33 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The Clerk is instructed to enter a Rule 58 Judgment in favor of defendants against plaintiff. The case is terminated. Plaintiff's motion for appointment of counsel (Dkt. No. 4), and any other pending motions are denied as moot. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.
\* Mail AO 450 form.

---

# STATEMENT

Pro se plaintiff Joshua Lee Matthews, presently an inmate at the Stateville Correctional Center, has brought a civil rights suit pursuant to 42 U.S.C. § 1983 challenging his treatment while at the DuPage County Jail. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 7), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 7), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.33. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and

hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original). Plaintiff may plead himself out of court by alleging facts that demonstrate that he has no legal claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted).

Plaintiff alleges that he was detained at the DuPage County Jail when he was approached by a DuPage County Jail deputy seeking to make a deal regarding drugs and weapons. (Dkt. No. 1 at 5). Plaintiff agreed to turn over drugs and weapons he had in the Jail. In exchange, he would not be charged either criminal or administratively for the contraband, and would not disclose how he had obtained the items. (*Id*. at 5-6). Plaintiff claims that the deal was breached because he was subsequently charged by the DuPage County State's Attorney. (*Id*. at 6). He believes that false information was passed to the prosecutor. (*Id*. at 7).

The criminal charges led to newspapers stories that plaintiff alleges placed his life in danger at the Jail because they suggested that he was a jailhouse informant. (*Id*.). Plaintiff does not allege that he was ever injured by another inmate. In light of the media coverage, plaintiff says that he refused to continue cooperating with Jail officials and was then transferred to segregation. (*Id*.).

Plaintiff has brought suit against various DuPage County Jail officials for allegedly placing his life in danger and harming his reputation. He also seeks damages for his transfer to segregation.

Plaintiff certainly has no right to drugs or weapons in Jail, and Jail officials properly sought out this contraband. *Hudson v. Palmer*, 468 U.S. 517, 527 (1984). Notably, plaintiff does not argue that he was physically injured as a result of his cooperation with Jail officials — he limits his allegations to the impact on his reputation. The government's allegation that a person has committed a crime, and the resulting impact to a person's reputation, does not, by itself, violate the Constitution. *Grennier v. Frank*, 453 F.3d 442, 445 (7th Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). The Constitution is only implicated when the government's statement results in an injury to a person's liberty or property. *Id*. at 445; *cf. Dale v. Poston*, 548 F.3d 563, 569-70 (7th Cir. 2008) (citing *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008)) (explaining that inmates status as a cooperating witness did not automatically mean that correctional officials were deliberately indifferent to his safety even when inmate was later assaulted). Plaintiff does not allege that he was harmed in any way other than the non-cognizable impact to his reputation.

Plaintiff's other claim is his transfer to segregation. A pretrial detainee cannot be transferred to segregation for a disciplinary infraction without due process, but the detainee may be segregated to protect him from other detainees. *Higgs v. Carter*, 286 F.3d 437, 438 (7th Cir. 2002) (citations omitted). Plaintiff alleges that he was transferred to segregation in retaliation for his failure to continue cooperating, but provides no facts that plausibly suggest this. He claims that he said he would not provide any more

contraband, and then he was taken to segregation. However, "suspicious timing alone does not support a reasonable inference of retaliation because the mere fact that one event preceded another does nothing to prove that the first caused the second." *Argyropoulos v. City of Alton*, 539 F.3d 724, 734 (7th Cir. 2008) (internal quotation marks and citations omitted). This is the extent of his argument. Additionally, the central theme of plaintiff's case is his view that he was placed in danger when his cooperation was revealed. Plaintiff presents a case in which he both complains about being put in danger (even though he was not harmed), and his transfer to segregation (which protected him from danger). The Court recognizes that it must view the complaint in plaintiff's favor, but in this instance he has pled himself out of court because a segregation transfer properly protected him from any danger.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 7), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $3.33 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The Clerk is instructed to enter a Rule 58 Judgment in favor of defendants against plaintiff. The case is terminated. Plaintiff's motion for appointment of counsel (Dkt. No. 4), and any other pending motions are denied as moot. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Civil Case Terminated.